# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PHYSIOTHERAPY ASSOCIATES, INC.,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) CIVIL ACTION NO. |
| **ATI HOLDINGS, LLC; ATHLETIC & THERAPEUTIC INSTITUTE OF NAPERVILLE, LLC; and ATI HOLDINGS OF ALABAMA, LLC,** | ) ) ) ) ) |
| **Defendants.** | |

## NOTICE OF REMOVAL

Defendants ATI Holdings, LLC, Athletic & Therapeutic Institute of Naperville, LLC, and ATI Holdings of Alabama, LLC (collectively, "ATI Defendants") hereby remove this civil action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, pursuant to 29 U.S.C. §1441, *et seq*. In support of this Notice of Removal, Defendants state as follows:

### PROCEDURAL BACKGROUND

1. On December 15, 2016, Plaintiff Physiotherapy Associates, Inc. ("Physiotherapy") initiated an action against current ATI employee and former Physiotherapy employee, Doug DeLoach, in the United States District Court for the Northern District of Alabama, Eastern Division, which action was styled as *Physiotherapy Associates, Inc. v. James Doug DeLoach*, Case No.: 1:16-cv-2014

(the "DeLoach Action").  In that action, Physiotherapy alleged that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties were of diverse citizenship and the amount in controversy exceeded $75,000.00, exclusive of interest and costs.  (*See* Exhibit A, DeLoach Complaint, at ¶ 4.) Physiotherapy further alleged that the "[a]ccounts for which DeLoach was responsible while employed with Physiotherapy generated more than $10.7 million annually, and DeLoach's actions described below, if permitted to continue, subjects Physiotherapy to the loss of such accounts." (*Id.*)

2. On May 15, 2017, Physiotherapy filed a Motion for Leave to File a First Amended Complaint in the DeLoach Action, attaching a proposed First Amended Complaint, which would have added each of the ATI Defendants as parties to the DeLoach Action and would have asserted claims against the ATI Defendants for (1) intentionally interfering with Physiotherapy's relationships with its customers, (2) aiding and abetting DeLoach's alleged violations of fiduciary duties, (3) conspiring with DeLoach to breach his alleged contractual and legal obligations to Physiotherapy, and (4) intentionally interfering with Physiotherapy's contractual relationship with DeLoach.  (*See* Exhibit B, Proposed First Amended Complaint.)

3. In its proposed First Amended Complaint, Physiotherapy reiterated the jurisdictional statement from its original complaint in the DeLoach Action that

the amount in controversy exceeded $75,000, and affirmatively claimed that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs," further asserting that the "[a]ccounts for which DeLoach was responsible while employed with Physiotherapy generated more than $10 million annually."  (*Id.* at ¶ 7.) Physiotherapy alleged that "Defendants' actions," including the ATI Defendants, "have subjected Physiotherapy to the loss of some of those accounts, to the loss of goodwill and damage to referral relationships and other injury that well exceeds the jurisdictional limit." (*Id.*)

4. On May 31, 2017, the Court denied Physiotherapy's Motion for Leave to File a First Amended Complaint.  Three weeks later, Physiotherapy initiated this action by filing its Complaint against the ATI Defendants in the Circuit Court of Jefferson County, Alabama, styled as *Physiotherapy Associates, Inc. v. ATI Holdings, LLC, Athletic & Therapeutic Institute of Naperville, LLC, and ATI Holdings of Alabama, LLC*, Case No.: 01-CV-2017-902501.  Although Physiotherapy's Complaint in this action omitted the same jurisdictional statement, the allegations against the ATI Defendants are identical to those Physiotherapy sought to assert in the DeLoach Action and which it described as "well exceed[ing] the jurisdictional limit" of this Court.

5. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, discovery and orders served in this action are attached hereto collectively as Exhibit C.

6. ATI Holdings of Alabama, LLC was served with the Summons and Complaint on June 23, 2017, and ATI Holdings, LLC and Athletic & Therapeutic Institute of Naperville, LLC were both served with the Summons and Complaint on June 26, 2017. Therefore, this removal is timely, as it is within 30 days of service. *See* 28 U.S.C. §1446(b).

7. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and, as Plaintiff itself has alleged, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

## DIVERSITY OF CITIZENSHIP

8. Physiotherapy is a corporation organized under the laws of the State of Michigan with its principal place of business in the Commonwealth of Pennsylvania. *See* Compl. at ¶ 1; *see also* Alabama Secretary of State Business Entity Record, attached hereto as Exhibit D (showing incorporation in Michigan and principal address in Memphis, TN).

9. The citizenship of limited liability companies is determined by the citizenship of its members. *See, e.g.*, *Purchasing Power, LLC v. Bluestem Brands,*

*Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of.").

10. The sole member of Defendants ATI Holdings of Alabama, LLC and Athletic & Therapeutic Institute of Naperville, LLC is Defendant ATI Holdings, LLC. In turn, the sole member of Defendant ATI Holdings, LLC is ATI Holdings, Inc., which is a corporation organized in Delaware with its principal place of business in Delaware. (*See* Exhibit E, Declaration of Nathan Bard.)

11. Accordingly, the ATI Defendants are considered citizens of Delaware.

12. Thus, there is complete diversity between Physiotherapy and the Defendants in this case, and none of the Defendants is a citizen of Alabama.

## AMOUNT IN CONTROVERSY

13. It is apparent from the Complaint that Physiotherapy seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. Plaintiff's Complaint asserts claims against the ATI Defendants identical to those asserted in Physiotherapy's prior proposed First Amended Complaint filed with this Court. Physiotherapy has alleged that the conduct of the ATI Defendants has subjected Physiotherapy to the loss of accounts worth more than $10 million, to the loss of goodwill, and to damage to referral relationships and other injury "that well exceeds the jurisdictional limit" of this Court. (*See* Exhibit B at ¶ 7.)

Additionally, Physiotherapy seeks punitive damages. (Compl. at p. 11.) Defendants deny the allegations of Plaintiff's Complaint and deny they are liable for any damages to Plaintiff. Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." *See* 28 U.S.C. §1332.

14. Removal is proper pursuant to 28 U.S.C. §1446, in that there is a sufficient basis that the jurisdictional amount in controversy could be met. 28 U.S.C. §1446(c)(2) provides as follows:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 U.S.C.§ 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in Section 1332(a) [28 U.S.C. § 1332(a)].

Accordingly, because Physiotherapy did not specify damages in its Complaint in this action, removal is proper "if the district court finds, by the preponderance of

the evidence, that the amount in controversy exceeds" the jurisdictional amount. *Id.* "Where the plaintiff does not plead a specified amount of damages in the complaint, a defendant's notice of removal need include only a 'plausible allegation' that the amount in controversy meets the jurisdictional threshold." *See Johnson v. Blackburn*, No. 2:16-CV-989-KOB, 2016 WL 5816114, at *1 (N.D. Ala. Oct. 5, 2016) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)).

14.  In its determination of removability, a district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal citation and quotation marks omitted). "Put simply, a district court need not suspend reality or shelve common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062 (internal citations and quotation marks omitted).  District courts must independently recognize the value of a claim, rather than rely on the plaintiffs' representations. *Id.* at 1064. Further, "[p]unitive damages <u>must</u> be considered when determining the jurisdictional amount in controversy in diversity cases. *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (emphasis added) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir.1987)).

15. In the Complaint, Physiotherapy seeks an indeterminate amount in damages, yet its allegations here are identical to the allegations it sought to assert against the ATI Defendants in the DeLoach Action, and for which Physiotherapy alleged that subject matter jurisdiction was appropriate because, in addition to diversity of citizenship, the amount in controversy "well exceed[ed] the jurisdictional limit" of this Court. (*See* Exhibit B at ¶ 7.)

16. Thus, the preponderance of the evidence shows that the amount in controversy exceeds $75,000.

**THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

17. Because this Notice of Removal was filed within 30 days of service, it is timely under 28 U.S.C. §1446(b).

18. The prerequisites for removal under 28 U.S.C. §1441 have been met.

19. Defendants have sought no similar relief with respect to this matter.

20. No further proceedings have been had in this action.

21. Pursuant to 28 U.S.C. § 1446(d), a written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

22. Pursuant to 28 U.S.C. § 1446(d) a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the Circuit Court Clerk for the Circuit Court of Jefferson County, Alabama. *See* Notice of Filing Notice of Removal, attached hereto as Exhibit F.

23. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to submit a brief and present oral argument in support of their position that this case has been properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## CONCLUSION

26. For the foregoing reasons, Defendants respectfully request that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted this the 21st day of July, 2017.

*/s/ Alan D. Mathis*
Alan D. Mathis (ASB-8922-A59M)
BUTLER SNOW LLP
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 297-2200
Fax: (205) 297-2201
**Alan.Mathis@butlersnow.com**

*Attorney for ATI Holdings, LLC; ATI Holdings of Alabama, LLC; and Athletic & Therapeutic Institute of Naperville, LLC*

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by e-file and/or depositing a copy of same in the U.S. Mail, postage prepaid, addressed as follows:

John E. Goodman
Hillary C. Campbell
Stanley E. Blackmon
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203
jgoodman@bradley.com
hcampbell@bradley.com
sblackmon@bradley.com


Done this the 21st day of July, 2017.


               */s/ Alan D. Mathis*
               Of Counsel


37386057v1